UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

**RAYMOND JAMES HOSLETT**,

Plaintiff,

v.

**DR. JASPAL DHALIWAL, M.D., DR. STEPHEN DAVIS, M.D., MR. STEVE DE LAHERAS, H.S.A., MR. ISRAEL JACQUEZ, A.W.P., JEFF E. THOMAS, WARDEN,** et al.,

Defendants.

Civil Case No. 3:11-CV-00674-KI

OPINION AND ORDER

    Steven M. McCarthy
    McCarthy Law Offices
    1265 Highway 51
    Independence, Oregon  97351

        Attorney for Plaintiff

Page 1 - OPINION AND ORDER

S. Amanda Marshall
United States Attorney
District of Oregon
Ronald K Silver
Kevin C. Danielson
Assistant United States Attorneys
1000 SW Third Avenue, Suite 600
Portland, Oregon  97204-2902

    Attorneys for Defendants

KING, Judge:

Plaintiff Raymond James Hoslett is incarcerated at FCI Sheridan.  He brings a civil rights action against several of the doctors and other staff at the prison, alleging they violated his Eighth Amendment rights in failing to properly treat his debilitating bladder disease.  Before the court is Defendants Davis, Jacquez, De Las Heras, and Thomas' Motion to Dismiss [34].  For the reasons below, I dismiss these defendants, as well as defendant Westermeyer.  Defendant Dhaliwal filed an Answer and does not join in the motion.

## LEGAL STANDARDS

A motion to dismiss under Rule 12(b)(6) will be granted if plaintiff fails to allege the "grounds" of his "entitlement to relief."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65 (2007) (quotation omitted).  The Court elaborated on Twombly in Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937 (2009):

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Id., at 570, 127 S. Ct. 1955.  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id., at 556, 127 S. Ct. 1955. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Ibid.  Where a

complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" Id., at 557, 127 S. Ct. 1955 (brackets omitted).

Id. at 678 (quoting Twombly). The court should not accept as true allegations which are legal conclusions.

## DISCUSSION

I. Defendant Westermeyer

I want to address another issue before considering the motion to dismiss. On July 23, 2012, I gave Hoslett fourteen days to show cause why his claims against defendant Westermeyer should not be dismissed for lack of service. Hoslett has not responded. Accordingly, I dismiss all claims against Westermeyer without prejudice.

II. Defendants Davis, Jacquez, De Las Heras, and Thomas

These defendants argue Hoslett has failed to allege facts showing these defendants personally violated Hoslett's Eighth Amendment rights.

The Eighth Amendment is violated if prison officials are deliberately indifferent to a prisoner's serious medical needs. Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004).

> To establish an Eighth Amendment violation, a prisoner must satisfy both the objective and subjective components of a two-part test. First, there must be a demonstration that the prison official deprived the prisoner of the minimal civilized measure of life's necessities. Second, a prisoner must demonstrate that the prison official acted with deliberate indifference in doing so.
>
> A prison official acts with deliberate indifference . . . only if the [prison official] knows of and disregards an excessive risk to inmate health and safety. Under this standard, the prison official must not only be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, but that person must also draw the inference. If a [prison official] should have been aware of the risk, but was not, then the [prison official] has not violated the Eighth Amendment, no matter how severe the risk. This subjective approach

> focuses only on what a defendant's mental attitude actually was. Mere negligence in diagnosing or treating a medical condition, without more, does not violate a prisoner's Eighth Amendment Rights.

Id. (internal citation and quotation omitted).

Hoslett is unhappy with the medical treatment he has received for interstitial cystitis since the Bureau of Prisons moved him to FCI Sheridan in April 2010. He had a consultation with a contract urologist, had a surgical procedure on his bladder in December 2010, and takes the medication Elmiron to ease some of the discomfort associated with his condition. Hoslett alleges he suffers constant and debilitating pain in spite of this medical treatment.

The moving defendants contend the Complaint fails to plead sufficient facts demonstrating their personal involvement in the medical treatment of which Hoslett complains. They also claim some of them could only be vicariously liable as supervisors, which is insufficient under Section 1983.

> Under Section 1983, supervisory officials are not liable for actions of subordinates on any theory of vicarious liability. A supervisor may be liable only if (1) he or she is personally involved in the constitutional deprivation, or (2) there is a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. A supervisor may be liable if the supervisor knew of the violations and failed to act to prevent them.

Snow v. McDaniel, 681 F.3d 978, 989 (9th Cir. 2012) (internal quotations and citations omitted).

Many of Hoslett's allegations discuss unnamed medical personnel. For example, Hoslett alleges he specifically informed medical personnel he suffers constant and debilitating pain, medical staff adamantly refused to treat his pain, and medical staff improperly changed the orders for oxycodone after his surgery.

The following allegations refer to specific defendants:

Dr. Dhaliwal is Hoslett's primary caregiver. Dr. Davis, as Clinical Director, oversees the Health Services Department at the prison and is Dr. Dhaliwal's boss. Dr. Davis is fully aware of Hoslett's medical status and the fact he suffers constant and debilitating pain.

Steve De Las Heras is the Health Services Administrator at the prison and manages all Health Services staff members. As the boss of the Clinical Director, De Las Heras is aware of Hoslett's medical problems.

Dr. Dhaliwal, Dr. Davis, and De Las Heras constantly denied Hoslett's need for pain management medication. Dr. Dhaliwal and Dr. Davis both know Hoslett's medical condition significantly affects his daily activities, but they do nothing.

Israel Jacquez is the Assistant Warden of Programs at FCI Sheridan and oversees the Health Services Department. Jacquez is De Las Heras' boss. Hoslett discussed his medical issues with Jacquez twice so Jacquez is fully aware of Hoslett's chronic and substantial pain.

Jeff Thomas is the Warden at FCI Sheridan and is responsible for all staff members within the institution. He signed the response to Hoslett's Administrative Remedy BP-9 and is aware of the medical issues.

As is clear from the allegations, Hoslett brings claims against De Las Heras, Jacquez and Thomas even though none of them are medical providers. Hoslett's allegations dwell on these defendants' supervisory roles at FCI Sheridan. The allegations are conclusory and do not allege sufficient facts for the court to draw a reasonable inference that these defendants are liable under a theory of supervisory liability based on the supervisor knowing of the constitutional violations and failing to prevent them. Claims under Section 1983 cannot rest on respondeat superior

Page 5 - OPINION AND ORDER

liability. Moreover, negligence and medical malpractice do not constitute deliberate indifference. Toguchi, 391 F.3d at 1057  The allegations refer to medical malpractice several times. Thus, Hoslett fails to state a claim against De Las Heras, Jacquez, and Thomas that is plausible on its face.

Hoslett alleges Dr. Davis constantly denied his need for pain medication. As a doctor, he might be making decisions about Hoslett's treatment. The allegations, though, are more indicative of supervisory liability. Dr. Davis supervises Dr. Dhaliwal, Hoslett's primary caregiver. Hoslett alleges Dr. Davis knew about his pain but does not allege how Dr. Davis gained that knowledge, other than through his supervision of Dr. Dhaliwal. There are no specific allegations Dr. Davis ever treated Hoslett. Accordingly, Hoslett also fails to state a claim against Dr. Davis.

## CONCLUSION

Defendants Davis, Jacquez, De Las Heras, and Thomas' Motion to Dismiss [34] is granted. All claims against these defendants are dismissed without prejudice. All claims against Westermeyer are dismissed without prejudice. The action will continue against Dr. Dhaliwal.

IT IS SO ORDERED.

Dated this      5th       day of September, 2012.

　　　　　　　　　　　　　　　　　　 /s/ Garr M. King
　　　　　　　　　　　　　　　　　　Garr M. King
　　　　　　　　　　　　　　　　　　United States District Judge