UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

**RAYMOND JAMES HOSLETT**,                    Civil Case No. 3:11-CV-00674-KI

        Plaintiff,

                            OPINION AND ORDER

        v.

**JASPAL DHALIWAL, M.D., RAYMOND
E. WESTERMEYER, M.D., and UNITED
STATES**,

        Defendants.


    Judy Danelle Snyder
    Law Offices of Judy Snyder
    1000 SW Broadway, Suite 2400
    Portland, Oregon  97205

        Attorney for Plaintiff

    S. Amanda Marshall
    United States Attorney
    District of Oregon

Ronald K. Silver
Assistant United States Attorney
1000 SW Third Ave., Suite 600
Portland, Oregon  97204-2902

Eric J. Neiman
Rachel A. Robinson
Williams Kastner & Gibbs, PLLC
888 SW Fifth Avenue, Suite 600
Portland, Oregon   97204-2025

  Attorneys for Defendants


KING, Judge:

  Plaintiff Raymond James Hoslett is incarcerated at FCI Sheridan.  He alleges prison staff failed to properly treat his debilitating bladder disease and associated pain.  Before the court is the United States' Motion to Dismiss FTCA Claim as Time-Barred [95].

## FACTS

  On April 21, 2011, the Bureau of Prisons received an Administrative Tort Claim Hoslett filed under the Federal Tort Claims Act ("FTCA") alleging a medical malpractice claim against several doctors and staff at FCI Sheridan for their roles in the treatment of his bladder disease.

  On June 2, 2011, Hoslett, acting pro se, filed the case pending before me alleging Eighth Amendment claims for acting deliberately indifferent toward Hoslett's serious medical needs. The defendants are the same individuals named in the Administrative Tort Claim; the United States was not named as a defendant in this case.

Page 2 - OPINION AND ORDER

On June 14, 2011, the BOP denied Hoslett's Administrative Tort Claim via certified mail. The denial warned Hoslett he had six months from the post-marked date of the letter to bring suit in federal court if he was unsatisfied with the denial.

On July 13, 2011, the first pro bono counsel accepted representation of Hoslett. On December 3, 2012, the court terminated the representation of the first pro bono counsel. Hoslett proceeded pro se.

On June 27, 2013, Hoslett, acting pro se, filed an Amended Complaint which I previously gave leave to file so Hoslett could add allegations against one of the individual defendants based on newly received discovery. Hoslett also added the United States as a defendant. The Amended Complaint alleges two causes of action against all three defendants, including the United States; the first is an Eighth Amendment violation and the second is under the FTCA and the Oregon Tort Claims Act, ORS 30.260-30.300.

On July 24, 2013, the current pro bono counsel accepted representation of Hoslett.

## LEGAL STANDARDS

An argument claiming lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) may be facial or factual. Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004). "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction. By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." Id. In a factual attack, the court may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment. Furthermore, the court is not required to presume the truthfulness of the allegations. The party

opposing the motion must furnish evidence necessary to satisfy its burden of establishing subject matter jurisdiction.  Id.

## DISCUSSION

The United States argues Hoslett's FTCA claim is untimely because he failed to file a lawsuit alleging that claim within six months following the denial of his administrative claim, as required under 28 U.S.C. § 2401(b).  The United States contends Hoslett is not entitled to equitable tolling because he could have filed an amended complaint within the time period. The United States reasons it had not filed an answer or motion to dismiss until well after the time period ended; thus, Hoslett did not have to obtain leave from the court to amend in a timely manner.  The United States also notes the first pro bono counsel was in place well within the deadline and could have amended the complaint.

Hoslett concedes his original Complaint was filed prematurely and his Amended Complaint was not filed within the six-month period after the administrative denial.  Hoslett asks the court to equitably toll the deadline and hold the FTCA claim in the Amended Complaint was timely filed.

The FTCA's six-month limitations period in § 2401(b) is a nonjurisdictional claim-processing rule which is subject to equitable tolling.  Kwai Fun Wong v. Beebe, __ F.3d __, No. 10-36136, 2013 WL 5539621, at *14, *17 (9th Cir. Oct. 9, 2013).

> [L]ong-settled equitable-tolling principles instruct that generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way.  As to the first element, the standard for reasonable diligence does not require an overzealous or extreme pursuit of any and every avenue of relief.  It requires the effort that a reasonable person might be

expected to deliver under his or her particular circumstances.  Central to the analysis is whether the plaintiff was without any fault in pursuing his claim.

        With regard to the second showing, a garden variety claim of excusable neglect, such as a simple miscalculation that leads a lawyer to miss a filing deadline, does not warrant equitable tolling.  Instead, a litigant must show that extraordinary circumstances were the cause of his untimeliness and . . . made it impossible to file the document on time.  Accordingly, equitable tolling is typically granted when litigants are unable to file timely documents as a result of external circumstances beyond their direct control.

Id. at *18 (internal quotations, brackets, and citations omitted).

        Hoslett's first argument supporting equitable tolling characterizes his original Complaint as alleging claims under the Eighth Amendment as well as a federal tort claim for medical malpractice against individuals employed by the United States.  Hoslett claims the court should have screened the original Complaint under 28 U.S.C. § 1915A, realized he alleged claims for medical negligence against individual defendants who are immune from federal tort claim relief, and dismissed that portion of the Complaint.  This would have given Hoslett notice within the six month FTCA window that he needed to remedy his premature filing to add the United States as the proper defendant under the FTCA.  Because the court failed to provide this information in the initial screening, Hoslett asks the court to apply equitable tolling.

        I disagree with Hoslett's interpretation of the original Complaint, which I read to only allege Eighth Amendment claims.  Although Hoslett mentioned medical malpractice a few times and attached his FTCA Notice to the Complaint, each claim expressly refers to the Eighth Amendment.  I conclude Hoslett did not attempt to allege a negligence claim in the Complaint. The court has an obligation to screen complaints and suggest how to fix the claims pleaded but does not have an obligation to suggest new defendants or claims.  Bogovich v. Sandoval, 189

F.3d 999, 1001 (9th Cir. 1999) ("[a]lthough courts must construe pro se complaints liberally, courts should not undertake to infer in one cause of action a claim under a different cause of action"–plaintiff is "master to decide what law he will rely upon") (internal citation omitted).

Hoslett also contends the first pro bono attorney's conduct created an impediment to Hoslett's prosecution of this action substantial enough that the court should apply equitable tolling to the FTCA claim.

The six-month period for Hoslett to file an amended complaint alleging an FTCA claim ran from June 14, 2011, when he received the administrative denial, to December 14, 2011. Hoslett appeared pro se for approximately the first month of that period, until the court appointed the first pro bono counsel on July 13, 2011. It is appropriate to expect Hoslett to proceed with all necessary steps to prosecute his case during this first month period. Once pro bono counsel accepted the appointment, however, he should have taken over these duties, but unfortunately did not. Instead, the first pro bono counsel failed to respond to two dispositive motions, failed to serve one of the defendants, and failed to contact the court when ordered to file a response to a summary judgment motion or move to extend the time to file. This caused the court to terminate the appointment on December 3, 2012. Because of the lack of assistance from the first pro bono counsel, the court will equitably toll the clock for the entirety of his appointment. Thus, on December 3, 2012, Hoslett had approximately five more months in which to file an amended complaint.

On May 13, 2013, Hoslett filed a motion informing the court that he had been unable to obtain his medical records from the first pro bono counsel. Hoslett needed the records to determine how to amend his complaint. On June 5, 2013, I asked the United States' counsel to

Page 6 - OPINION AND ORDER

provide a copy of the medical records to Hoslett by June 19, 2013. After reviewing the records, Hoslett filed the Amended Complaint on June 27, 2013, only eight days later.

By failing to provide Hoslett a copy of his medical records after being removed from the case, first pro bono counsel created a roadblock to Hoslett's ability to file the Amended Complaint. Thus, I will also equitably toll the period from December 3, 2012 until June 19, 2013, when Hoslett finally received his medical records after my intervention. When Hoslett filed the Amended Complaint on June 27, 2013, he did so after about five weeks of time during which he had the ability to do so, well within the six-month statutory period after equitable tolling.

I have been impressed throughout this case by Hoslett's efforts to prosecute his claims through thick and thin. The conduct of the first pro bono counsel created extraordinary circumstances blocking Hoslett's labors. I find he has pursued his rights diligently, and I will apply equitable tolling, making his FTCA claim timely filed.

///

///

///

Page 7 - OPINION AND ORDER

**CONCLUSION**

The United States' Motion to Dismiss FTCA Claim as Time-Barred [95] is denied.

I raise a point which needs clarification.  I read the Amended Complaint, drafted by

Hoslett when he was proceeding pro se, to allege claims under the Eighth Amendment, the

FTCA, and the Oregon Tort Claims Act against all three remaining defendants–Dhaliwal,

Westermeyer, and the United States.  I ask counsel to confer about which claims will be

prosecuted against which defendants, and file any appropriate motions if there is a disagreement.

IT IS SO ORDERED.

Dated this _____6th_____ day of November, 2013.


                            __/s/ Garr M. King_____
                            Garr M. King
                            United States District Judge