UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

**RAYMOND JAMES HOSLETT**,

Plaintiff,

v.

**JASPAL DHALIWAL, M.D.,**
**RAYMOND E. WESTERMEYER, M.D.,**
**and UNITED STATES**,

Defendants.

Civil Case No. 3:11-CV-00674-KI

OPINION AND ORDER

Judy Danelle Snyder
Law Offices of Judy Snyder
1000 S. W. Broadway, Suite 2400
Portland, Oregon 97205

Attorney for Plaintiff

Page 1 - OPINION AND ORDER

      S. Amanda Marshall
      United States Attorney
      District of Oregon
      Ronald K. Silver
      Assistant United States Attorney
      1000 S. W. Third Avenue, Suite 600
      Portland, Oregon  97204-2902

           Attorneys for Defendants

KING, Judge:

     Plaintiff Raymond James Hoslett is incarcerated at FCI Sheridan.  He alleges prison staff failed to properly treat his debilitating bladder disease and associated pain.  On November 6, 2013, I denied the United States' Motion to Dismiss FTCA Claim as Time-Barred [95] after I applied equitable tolling to the time for Hoslett to file the claim against the United States in his Amended Complaint.  I based the equitable tolling on the dismal performance of the first pro bono counsel, whose appointment I eventually terminated, and Hoslett's inability to obtain a complete copy of his medical records until I asked the United States' counsel to provide him one.  Before the court is Defendant's Motion for Reconsideration [110].

     The United States argues that any federal inmate may obtain a copy of all or a portion of their medical record on request.  Hoslett was familiar with the procedure–between June 2009 and January 2013, Hoslett made over 30 requests for portions of his record and received approximately 200 pages.  The entire record consisted of 1020 pages.

     The United States does not dispute tolling approximately five months during the time the first pro bono counsel represented Hoslett.  But it argues he had nearly all of the documents attached as exhibits to the Amended Complaint at the time I terminated that counsel's

Page 2 - OPINION AND ORDER

representation, or alternatively, he knew how to obtain them and the remaining two documents. It claims he changed his strategy after further legal research, not after getting the full medical record. Thus, the United States asked me to dismiss the FTCA claim as time-barred.

Hoslett asks me to continue to find that equitable tolling saved his FTCA claim. He acknowledges he had some of his medical records prior to obtaining the full set after my intervention. But Hoslett states he had given some of the relevant records to the first pro bono counsel and never got them back. According to Hoslett, he was not consistently provided with records he requested and once was told he had already received numerous copies of the records sought so the prison would not recopy the records for his convenience. Most importantly, Hoslett contends that without access to the entire medical record, he could not be aware of what records he was missing or what additional documents in the record could support his claims.

I agree with Hoslett that it is hard to know what documents to request if you have not seen them previously. Medical records tend to get rather voluminous quickly. A complete set of the records, with none missing, would be helpful to anyone trying to formulate legal claims. For this reason, I decline to change my prior ruling and continue to find the FTCA claim was timely filed because of equitable tolling.

Defendant's Motion for Reconsideration [110] is denied.

IT IS SO ORDERED.

Dated this _____9th_____ day of January, 2014.

                                              /s/ Garr M. King
                                              Garr M. King
                                              United States District Judge